No. 6816.

THE JEFFERSON & LAKE PONTCHARTRAIN RAILROAD COMPANY VS. THE CITY OF NEW ORLEANS.

An appeal will not lie from an order of Court granting an injunction on condition that the applicant furnish such bond as the court shall thereafter designate, when the appeal is taken before the amount of the bond is fixed. Such an appeal is premature.

APPEAL from the Sixth District Court, parish of Orleans. Rightor, J.

Geo. L. Bright and L. E. Simonds for plaintiffs and appellees.

B. F. Jonas, City Attorney, for defendant.

The opinion of the court on the original hearing was delivered by DeBlanc, J., and on the rehearing by Spencer, J.

DeBlanc, J. The plaintiff alleges that it is the owner of a tract of land, through which the city has forcibly, wrongfully and illegally dug

a canal. It alleges that it will cost $75,000 to refill the canal, and for the use made of the canal the city owes it $25,000.

The material allegation in the petition relative to the injunction is :

"Your petitioner shows : That the city of New Orleans, has no right to use and maintain on the land of your petitioner said canal and its embankments, and has no right to drain into said canal and over the property of your petitioner, and said city and its officers have no right to enter upon said land and trespass thereon and have no right to prevent your petitioner damming said canal so as to prevent the city draining therein." R. p. 5.

The prayer is "that the city of New Orleans, its officers and agents be enjoined and prohibited to use and maintain on the land of your petitioner said canal running from North Line street to Lake Pontchartrain and be enjoined and prohibited to drain into said canal and over the property of your petitioner and to enter upon said land and trespass thereon and be enjoined and prohibited to prevent your petitioner damming said canal so as to prevent the city from draining therein," p. 5.

The court ordered, "Let an injunction issue as prayed for on plaintiffs furnishing bond with surety, good and solvent, to secure the payment of such damages as may be sustained by the city in case it shall be decided, that the injunction has been wrongfully obtained. The amount of the bond to be fixed on rule to be tried contradictorily, p. 22.

From this order the city has taken a suspensive appeal, p. 25.

The appellee has moved to dismiss the appeal taken herein, on the following grounds :

1st. It does not appear by the transcript that the injunction will cause damage to the city exceeding five hundred dollars, therefore it does not appear that this court has jurisdiction.

2d. The order of the district court, which directs an injunction to issue, upon plaintiff furnishing a bond, the amount thereafter to be fixed by the court, is not final; for the court has not fixed the amount of the bond. Such an order works no irreparable injury to the defendant.

3d. No appeal lies from an order granting a preliminary injunction.

An injunction was applied for by plaintiff : the sworn allegations of its petition justify the presumption that its demand is legal, and— acting on that presumption—the lower court has ordered that the applied for injunction shall issue—but when? When plaintiff shall have furnished bond and security in an amount to be hereafter fixed, and how? On a rule to be contradictorily tried between the contending parties.

It does not appear that the contemplated rule has been taken and tried ; the amount of the indispensable bond has not been fixed, and we are called upon to pass—not on any accomplished fact, not on any

Jefferson and Lake Pontchartrain Railroad Company vs. City of New Orleans.

decree which may now be executed, but on the mere apprehension that an acknowledged right may be enforced, that a suspended writ may be issued, that an irreparable injury may be inflicted.

From what has defendant appealed? Is it from a final judgment? It is not. Is it from any absolute order, by whatever name it may be called? It is not. The order appealed from is a conditional one: it does not interrupt—it does not prohibit the exercise of any right, the enjoyment of any privilege. In its actual form it has no force—no writ can issue from it—and, as it may never be completed, never executed, the defendant is—in no sense—exposed to any irreparable injury. 3d A. 217; 4th A. 307.

Its appeal is premature, and—for. that reason—dismissed at its costs.

## ON APPLICATION FOR REHEARING.

SPENCER, J. The order granting the injunction in this case is inchoate and incomplete until it is supplemented by another order fixing the amount of the injunction bond—so that the delays for appeal, if an appeal be permissible at all from such an order, would only run from the date of the supplemental order. We have lately held in the case of "The State *ex rel.* Paul Doullut vs. the Judge of —— District Court of Orleans," that an appeal will not lie from a preliminary order granting an injunction.

Rehearing refused.